NO. 07-07-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2009
_____

CARL WAYNE HORNE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,538-E; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Carl Wayne Horne was convicted of two counts of engaging in organized criminal activity, that is, he was engaged with others in the sale of controlled substances or methamphetamine. He contends those convictions should be reversed because 1) the evidence is factually insufficient to sustain the convictions, 2) there is insufficient independent evidence to corroborate the testimony of the accomplice witnesses, and 3) he received ineffective assistance of counsel. We disagree and affirm the convictions.

*Issue 2 - Accomplice Witness Testimony*

We address issue two first. Therein, appellant argues that there was insufficient evidence to corroborate the testimony of the accomplice witnesses. We overrule the issue.

A conviction cannot be based upon the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). Appellant argues that only the testimony of Ann Marie Adkins linked him to the agreement to sell drugs and that there is no other evidence to corroborate her comments. Yet, a taped conversation admitted into evidence belies that. In the taped phone conversation he is heard explaining to someone else his involvement. That is, he informed the listener that 1) he wanted to "get out" for the last two months but that there was "always somebody else," 2) "people owed [him] so much damn money," and 3) he was not addicted but "caught up in the money of it."[1] These admissions were enough to connect the accused to the crime.

*Issue 1 - Sufficiency of the Evidence*

In this issue, appellant challenges the factual sufficiency of the evidence. We overrule the point.

To obtain a conviction for engaging in organized crime, the State had to prove that the accused 1) with intent to establish, maintain, or participate in a combination or in the profits of a combination, 2) committed or conspired to commit one or more predicate

---

[1]The phone conversation was one of about 41 appearing on a compact disk marked exhibit 138. Though the State generally referred to that conversation and exhibit in its appellate brief, it did not specify the particular phone conversation in which the admissions appeared. So, each conversation was heard. In the future, we would request litigants in similar situations to expressly designate where pertinent evidence appears of record. That would further judicial efficiency.

offenses.  TEX. PEN. CODE ANN. §71.02(a) (Vernon Supp. 2008).  The word "combination" is defined as

> three or more persons who collaborate in carrying on criminal activities although . . . 1) [the] participants may not know each other's identity; 2) membership in the combination may change from time to time; and 3) [the] participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

*Id.* §71.01(a) (1), (2), & (3) (Vernon 2003).  This definition has been interpreted to obligate the State to prove not only that the accused intended to establish, maintain, or participate in a group of three or more but also that the members of the group intended to work together in a continuing course of criminal activities.  *Dowdle v. State,* 11 S.W.3d 233, 236 (Tex. Crim. App. 2000).  Furthermore, "conspiring to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that constitutes the offense and that person or one or more of them performs an overt act in pursuance of the agreement.  TEX. PEN. CODE ANN. §71.01(b) (Vernon 2003).  Such an agreement may be inferred from the acts of the parties.  *Id.*

Here, the persons other than appellant named in the combination were Anthony Drager (Drager), Darlene Shepic (Shepic), Bobby Russell (Russell), Crystal Drager (Crystal), and Ann Marie Adkins (Adkins).  Appellant concedes that there was overwhelming evidence that  Drager was involved in the sale and trafficking of drugs, but claims there was no evidence that he was involved in Drager's business or criminal activity.

Admittedly, the credibility of the persons alleged to have been involved in the conspiracy as well as other persons who bought drugs from Drager was in dispute.  However, there was evidence that 1) Kristopher Compton saw appellant at Drager's several times and inferred appellant was either buying or selling methamphetamine from

3

negotiations that he overheard, 2) Compton also saw appellant pick up a bag of what he believed to be a couple of grams of methamphetamine from Drager's kitchen table, 3) Lisa Bailey heard Drager discuss appellant in reference to getting money to pay appellant and she believed that to be for drugs, 4) Jason Roberts testified that Drager made reference to having to meet up with "Carl" (appellant's first name) to get his supply of methamphetamine, 5) Shepic, Drager's sister, testified that appellant used to sell methamphetamine to her brother and then later her brother sold methamphetamine to appellant, 6) Shepic would overhear appellant and Drager talking about as much as a quarter ounce up to a quarter pound of methamphetamine and she stated there was an agreement between them to distribute methamphetamine, 7) Crystal gave a statement in which she said that appellant would get an ounce of "ice" every couple of days from Drager, 8) Adkins testified that appellant sold drugs with Drager, would get drugs everyday from Drager, and delivered drugs to Dalhart and other places, 9) Adkins testified that drug transactions involving her, Shepic, Russell, and appellant all benefitted Drager because the money flowed up, and 10) Agent Bill Redden testified that he listened to telephone calls made by Drager in jail, and he stated that Drager said that the police were trying to shut him and Carl down and Drager gave instructions for Carl to collect debts. Nor can we forget appellant's own admissions cited in issue one above; he was "caught up in the money of it" and many people owed him money.

Any conflicts in the testimony regarding appellant's guilt were for the jury to resolve. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jurors were free to believe the foregoing evidence which, in turn, was enough to insulate the verdict from any attack founded upon the factual sufficiency of the evidence. Simply put, the verdict was

4

neither founded on weak evidence nor evidence overwhelmed by exculpatory testimony. Thus, it was not manifestly unjust.

*Issue 3 - Ineffective Assistance of Counsel*

Finally, appellant claims his counsel was ineffective in failing to object to the indictment. We overrule the issue.

To prevail on such a claim, appellant had the burden to prove not only that his counsel's performance was deficient but that he was prejudiced by that deficient performance. *Thompson v. State,* 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Both prongs of the test must be firmly founded in the record. *Id.* at 813.

In the first count of the indictment, the predicate offense was possession with intent to deliver methamphetamine. Appellant argues that the indictment should have alleged that appellant committed or conspired to commit unlawful possession of a controlled substance "through forgery, fraud, misrepresentation, or deception." *See* TEX. PEN. CODE ANN. §71.02(a)(5) (Vernon Supp. 2008) (stating that a person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception). Because it did not, according to appellant, the indictment did not allege an offense under the statute and appellant's counsel should have objected.

5

The argument that the indictment should have included the missing passage was rejected in *Utsey v. State,* 921 S.W.2d 451, 457 (Tex. App.–Texarkana 1996, pet. ref'd). The argument having been rejected, trial counsel was not obligated to tilt at windmills by including it in a motion to dismiss to be effective.

Having overruled all of appellant's issues, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.